FILED
SUPERIOR COURT
OF GUAM

2019 JUN 27 PM 3 59

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JESSE C. IGLESIAS,<br><br>Plaintiff,<br><br>vs.<br><br>HELEN M. HAMLING,<br><br>Defendant. | DOMESTIC CASE NO. DM0381-18<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 19, 2019, for a continued hearing on Plaintiff's Motion for *Pendente Lite* Joint Custody filed on July 12, 2018. Plaintiff Jesse C. Iglesias ("Plaintiff") was represented by Attorney Carol Baulos. Defendant Helen M. Hamling was represented by Attorney Curtis C. Van de veld. Having reviewed the pleadings and having heard oral arguments and testimony in this matter, the Court issues the following Decision and Order.

## BACKGROUND

As a result of a brief relationship in 2016, the parties have one (1) minor child together, Neleh A.M. Hamling (DOB: 04/30/2017). The parties were never married to each other, and neither is married at this time. The minor child is Plaintiff's eleventh (11th) child and Defendant's fifth (5th) child.

On January 23, 2018, the Defendant filed a Complaint for Child Support against the Plaintiff in Child Support Case No. CF0012-18. During those proceedings, the Plaintiff's paternity was established and confirmed through the results of a genetic DNA test.

Thereafter, on June 20, 2018, Plaintiff filed a Verified Complaint for Custody seeking joint legal and physical custody of the parties' minor child. On July 12, 2018, the Plaintiff filed the instant Motion for *Pendente Lite* Joint Custody seeking the same custodial terms, that is, joint legal and physical custody, pending a decision on Plaintiff's Verified Complaint for Custody. In his motion, the Plaintiff highlights his parenting experience having raised ten (10) children. Moreover, Plaintiff explains that he is a recent retiree and is willing and able to provide full-time care for the minor child. The Plaintiff has repeatedly expressed both his desire to develop a close relationship with his new daughter and his eagerness to participate in her upbringing. The Defendant, on the other hand, filed her Opposition to Plaintiff's *pendent lite* motion on September 12, 2018, arguing mainly that the minor child would be traumatized by unsupervised visitation as the child has been in her exclusive custody since birth. Both parties, however, can provide a suitable living environment for the minor child and provide for her basic necessities. Most notably, the parties are able to communicate with each other regarding their daughter's needs and have been effectively doing so, especially as to the minor child's medical conditions. Plaintiff filed his Reply on September 13, 2018.

On October 2, 2018, an initial hearing was held on Plaintiff's Motion for *Pendente Lite* Joint Custody. At the hearing, the Court ordered supervised, weekend visitation at Erica's House. Pursuant to the order, Plaintiff was granted one (1) hour, supervised visitation every Saturday at 10:00 a.m. On January 9, 2019, following a second hearing on Plaintiff's Motion for *Pendente Lite* Joint Custody, the Court increased Plaintiff's visitation with the minor child to two (2) hours supervised visitation every Saturday at 10:00 a.m.

Since October 20, 2018, Plaintiff has regularly attended the supervised visitations at Erica's House as ordered by the Court. At all times Plaintiff was observed to act appropriately and lovingly towards the minor child. The minor child was also observed to be comfortable and relaxed during her visitation with Plaintiff. According to the Informational Report filed by Erica's House on November 16, 2018, and May 6, 2019, there have been no incidents or written communications between the parties during those visits.

On February 19, 2019, a continued hearing on the instant matter was held. Both parties testified. Thereafter, the Court took the matter under advisement on March 29, 2019.

## DISCUSSION

When the Court analyzes a dispute regarding the custody of a minor child, "the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 GCA § 8404. The primary consideration when determining child custody is the best interests of the child. Lanser v. Lanser, 2003 Guam 14 ¶ 16. Custody awards are subject to modification whenever the best interest of the child require or justify a modification or change. 19 GCA § 8404(f) (2005). Once a court finds that a change in custody is necessary, the sole issue before the court is "determining the best interests of the children, not the children and their mother, and not the children and their father." Lanser v. Lanser, 2003 Guam 14 ¶ 16. It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together, subject to the condition that this must be in the best interests of the child. See 19 GCA § 8404(h)(1) (2005). Under Guam law, there is a preference for both joint legal and joint physical custody arrangements, but the preference for joint custody is always secondary to the best interests of the children. See e.g. Howerton v.Howerton, 2004 Guam 8 ¶ 14.

Here, the Plaintiff seeks temporary joint custody *pendente lite*. The Plaintiff argues that it is in the minor child's best interest that she has meaningful and ongoing contact with both parents. Thus, the Plaintiff moves the Court for joint legal and physical custody pending a final resolution of the instant custody action. Specifically, the Plaintiff requests alternate weekly visitations instead of hourly, supervised visitations at Erica's House. The Defendant however, argues that the minor child is unfamiliar with the Plaintiff and would be traumatized by an immediate and radical change in custody. Therefore, the Defendant maintains that it would not be in the minor child's best interest for the Court to grant joint custody at this time. Instead, the Defendant would prefer that the Plaintiff continue to have supervised visitations at Erica's House and await feedback on how the minor child adjusts to such visitations before considering

a more expansive custodial arrangement. Nonetheless, the Defendant has stated that she is amenable to broadening visitation up to four (4) hours, supervised at Erica's House.

The Court acknowledges both parties' individual abilities to raise and nurture the minor child. The Court also recognizes that the minor child is two (2) years old has been in the exclusive custody of the Defendant since birth. Nonetheless, the Court finds that it is in the best interest of the minor child to develop a more meaningful relationship with the Plaintiff and his family. Having considered the arguments and facts presented by the parties, the Court finds that it would be in the minor child's best interest to spend more time with the Plaintiff, beginning with increased visitation. Thus, the Court **GRANTS** Plaintiff's Motion for *Pendente Lite* Joint Custody such that the Plaintiff shall have reasonable, *unsupervised visitations* with the minor child, **every Saturday from 10:00 a.m. to 7:00 p.m**. The Plaintiff shall be responsible for picking up and dropping off the minor child to and from the Defendant's home. The parties, however, are free to work out another custody schedule that suits their preference so long as they mutual agree to the change and promptly inform the Court.

Finally, the Court enjoins the parties from making any negative or disparaging remarks about the other parent or allowing any third-party to do so in the presence of the minor child. Neither party shall discuss custody or court-related issues, unless directed to do so by the Court.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion for *Pendente Lite* Joint Custody with Plaintiff having reasonable *unsupervised visitations* with the minor child, **every Saturday from 10:00 a.m. to 7:00 p.m**. The Court will revisit the visitation schedule at the next scheduled hearing on Plaintiff's Verified Complaint for Custody.

Pre-Trial Conference:     October 8, 2019 at 10:00 a.m.

Bench Trial:              October 15, 2019 at 2:00 p.m.

**IT IS SO ORDERED ___JUN 2 7 2019___ .**

VIA COURT BOX

dge that a copy of the
to was placed in the

GLMMTMOTHO
VANINE UELO
6/27/19   4pm
Time:_____

Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**